UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HARRY DANIEL WILLETT,<br><br>                    Plaintiff,<br><br>          v.<br><br>JAY INSLEE, Washington State Governor; CHRISTINE GREGOIRE, Former Washington State Governor; JOEL SACKS, Washington State Director of Labor and Industries; JUDY SCHURKE, Former Washington State Director of Labor and Industries; GRANT COUNTY WASHINGTON BOARD OF COMMISSIONERS; GRANT COUNTY FIRE DISTRICT 10; and DOES 10-100,<br><br>                    Defendants. | No.  4:14-CV-5014-EFS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT** |

### I.  INTRODUCTION

Before the Court is *pro se* Plaintiff Henry Daniel Willett's First Amended Complaint, ECF No. 8, filed July 28, 2014.  Plaintiff is proceeding *in forma pauperis*.  Under 28 U.S.C. § 1915A, the Court is required to screen the complaint filed by an individual proceeding *in forma pauperis*.  28 U.S.C. § 1915A(a).  Plaintiff filed his initial Complaint, ECF No. 6, on February 26, 2014, and, after conducting the required screening, this Court determined that Plaintiff's claims were barred by the statute of limitations.  Order to Amend or Voluntarily

ORDER DISMISSING FIRST AMENDED COMPLAINT **-** 1

Dismiss Complaint, ECF No. 7, at 5. This Court informed Plaintiff that he must file an amended complaint setting forth facts that plausibly give rise to an applicable exception to the three-year statute of limitations or his complaint would be dismissed. *Id.* Plaintiff filed his First Amended Complaint on July 28, 2014, ECF No. 8. After carefully conducting the required § 1915A(a) screening, the Court finds that Plaintiff's First Amended Complaint must be dismissed because Plaintiff's claims are barred by the statute of limitations, and Plaintiff has not pleaded facts indicating that equitable tolling of the statute of limitations is appropriate. Additionally, many of Plaintiff's claims seek relief from Defendants who are immune from the relief sought.

## II. ANALYSIS

**A. Legal Authority for Screening of Plaintiff's Complaint**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen any complaint filed by a party seeking to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that § 1915 applies to all applicants for *in forma pauperis* status, prisoner or non-prisoner). The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id*. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**B. Factual Background**

The following summarizes the relevant facts that relate to Plaintiff's claims, as best the Court can tell from carefully reading Plaintiff's 55-page First Amended Complaint and the attachments thereto:

On November 16, 2005, Plaintiff Harry Daniel Willett was working as a maintenance person for Grant County Fire District 10.[1] As he was

---

[1] Although Plaintiff alleges that he was "working for Grant County, Washington, Fire District 10 as a maintenance person," on November 16, 2005, First Amended Complaint, ECF No. 8, at 8, and that he was removed from fire

ORDER DISMISSING FIRST AMENDED COMPLAINT **-** 3

1  working under the hood on the engine of a fire truck, the Grant County
2  Fire Chief accidentally set off an electronic siren within one foot of
3  Plaintiff's head, exposing Plaintiff to an estimated 145 decibels of
4  sound.  Plaintiff suffered major hearing loss.  ECF No. 8, at 8, 19.
5  Plaintiff did not see a physician at that time, and the incident was
6  not reported.  *Id.* at 23–24.

7  On March 7, 2006, Plaintiff attempted to file a workers
8  compensation claim for physical hearing loss at the Washington State
9  Department of Labor and Industries Office in Moses Lake, Washington.
10 Plaintiff allegedly was told that the Washington State Department of
11 Labor and Industries ("the Department") does not file claims against
12 state or government agencies.  *Id.* at 8, 25.  It is unclear from the
13 First Amended Complaint whether Plaintiff was told that he could not
14 file a claim at all or whether he actually filed a claim that was
15 denied.  *See id.*  Either way, Plaintiff alleges that he was not
16 informed of his right to appeal or of the time limit to file a claim.
17 *Id.* at 25.

18 Plaintiff then worked as a real estate agent and as a
19 salesperson, but he was not able to continue at these jobs, due, at
20 least in part, to his hearing loss.  *Id.* at 25–26.

21 In February 2011, Plaintiff filed a workers compensation claim
22 with the Department based on his November 16, 2005 hearing loss

---

24 service duty on January 5, 2006, *id.* at 24, the letter from the Grant County
   Fire Chief attached to Plaintiff's First Amended Complaint states that
   Plaintiff was released from active duty as a Captain in September 2005 and
25 "remains a volunteer" as of January 5, 2006.  Despite this inconsistency, the
   Court construes the First Amended Complaint so as to do justice, Fed. R. Civ.
26 P. 8(e), and proceeds under the assumption that Plaintiff was an employee of
   Fire District 10 at the time of his injury.

ORDER DISMISSING FIRST AMENDED COMPLAINT **-** 4

injury. *Id.* at 26. He was evaluated by Nurse Practitioner Karen Nguyen, who referred him to audiologist Dr. Aielo. *Id.* at 42. Dr. Aielo evaluated Plaintiff and diagnosed him with profound hearing loss in the high frequencies bilaterally. *Id.* at 55.

On March 4, 2011, Plaintiff's workers compensation claim was rejected because it had not been filed within one year of the date of the injury,[2] but the Department did pay for Plaintiff's initial office visit. *Id.* at 52. Plaintiff objected to the decision rejecting his claim, but the order was affirmed on March 21, 2011. *Id.* at 44. Plaintiff was apparently provided with information about appealing this order. *Id.* Plaintiff again protested the rejection of his claim on July 21, 2011, but was told that the 60-day time frame for protesting had expired and that the March 21, 2011 order was final and binding. *Id.* at 45.

On February 22, 2012, Plaintiff filed a claim for occupational hearing loss with the Department. *Id.* at 47. On March 13, 2012, an attorney representing Plaintiff wrote to the Department to formally protest and request reconsideration of all decisions adverse to Plaintiff. *Id.* at 47-2 (unnumbered page between 47 and 48). The claim was first disallowed, but then, on July 31, 2012, the Department allowed Plaintiff's claim for occupational hearing loss and found that

---

[2] Plaintiff expresses his understandable confusion about why RCW 51.28.055 requires a worker to file a hearing loss claim within two years from the last occupational exposure, yet his claim was rejected because it was not filed within one year. First Amended Complaint, ECF No. 8, at 28. A claim for an on-the-job injury like that suffered by Plaintiff must be received within one year of the injury, whereas a claim for an occupational disease or occupational hearing loss, that is, hearing loss due to exposure at work over a period of time, must be filed within two years of the diagnosis by a doctor. *See* RCW 51.28.050 & RCW 51.28.055.

ORDER DISMISSING FIRST AMENDED COMPLAINT **-** 5

he was entitled to receive medical treatment "and other benefits as appropriate under the Industrial Insurance Laws." *Id.* at 28, 48. The Department determined that the date of manifestation for compensation purposes was March 13, 2009, because that is when the hearing loss became partially or totally disabling. *Id.* at 48. It appears that the Department paid for Plaintiff's hearing aids. *Id.* at 28.

**C.    Plaintiff's Claims**

Plaintiff makes a number of allegations stemming from the events described above. The Court is sympathetic to Plaintiff's struggle with hearing loss and to the challenges of bringing a lawsuit *pro se*. The Court has made every effort to identify and understand the claims in Plaintiff's First Amended Complaint, and will now address each in turn.

    1.    <u>Legislative Claims</u>

Plaintiff alleges that he was harmed by a bill that passed the Washington State Legislature in March 2004, which decreased the time in which workers compensation claims for hearing loss must be filed from 20 years to 2 years. *Id.* at 10–11. He brings this claim against former Governor Christine Gregoire, who signed the bill into law, and against former Director of the Department of Labor and Industries Judy Schurke, who championed the bill. *Id.* at 10–13.

Plaintiff also alleges that he was harmed by a bill that passed the Washington State Legislature in 2011, which amended RCW 51.28.055. *Id.* at 12–13. He asserts that the amendments violated his Equal Protection rights by causing him to be treated differently from other similarly situated individuals who received benefits prior to the

change in law. *Id.* at 14. He brings this claim against former Director of the Department of Labor and Industries Judy Schurke, who championed the bill. *Id.* at 12–13.

State legislators are absolutely immune from liability under 42 U.S.C. § 1983 for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). State government executive officials performing discretionary functions, such as advocating for a bill or signing it into law, are entitled to qualified immunity in suits for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff's legislative claims all seek monetary relief from legislative or executive officials who are immune for the alleged conduct, so his claims must be dismissed. 28 U.S.C. § 1915(e)(2).

2. <u>Section 1983 Claims Against Grant County Board of Commissioners, Grant County Fire District 10, and Governor Jay Inslee</u>

Plaintiff brings a claim under 42 U.S.C. § 1983 against the Grant County Board of Commissioners, Grant County Fire District 10, and Governor Jay Inslee for failing to implement a number of Washington state regulations designed to prevent hearing loss. First Amended Complaint, ECF No. 8, at 10, 15, 17. Plaintiff alleges that he did not receive hearing loss protection or proper training in hearing loss prevention when he worked for Grant County Fire District 10. *Id.* at 28. He alleges that, as a result of Defendants' failure to act, he suffered physical hearing loss and resulting economic loss

ORDER DISMISSING FIRST AMENDED COMPLAINT **-** 7

1 without just compensation and has been denied due process and the
2 equal protection of the laws. *Id.* at 9, 19, 34–35.  Plaintiff also
3 alleges that the Grant County Defendants violated a number of state
4 laws and regulations and his right to due process of law when they
5 failed to properly report and document his injury. *Id.* at 16, 33.

6 Section 1983 requires a claimant to prove (1) a person acting
7 under color of state law (2) committed an act that deprived the
8 claimant of some right, privilege, or immunity protected by the
9 Constitution or laws of the United States.  *Leer v. Murphy*, 844 F.2d
10 628, 632-33 (9th Cir. 1988).   A person deprives another "of a
11 constitutional right, within the meaning of section 1983, if he does
12 an affirmative act, participates in another's affirmative acts, or
13 omits to perform an act which he is legally required to do that
14 "causes" the deprivation of which [the plaintiff complains]." *Redman*
15 *v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (brackets
16 in the original); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

17 Because section 1983 contains no specific statute of
18 limitations, federal courts borrow state statutes of limitations for
19 personal injury actions in section 1983 suits.  *See Wallace v. Kato*,
20 549 U.S. 384, 387 (2007); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).
21 In Washington, this is three years.  *Bagley v. CMC Real Estate Corp.*,
22 923 F.2d 758, 760(9th Cir. 1991).  Federal law determines when a cause
23 of action accrues and the statute of limitations begins to run for a
24 section 1983 claim.  *Id*. at 760.  A federal claim accrues when the
25 plaintiff knows or has reason to know of the injury which is the basis
26 of the action.  *Id.*  Federal courts borrow all applicable provisions

for tolling the limitations period found in state law.  *See Wallace*, 549 U.S. at 394; *Hardin v. Straub*, 490 U.S. 536, 539 (1989).

In Washington, a court may toll the statute of limitations when justice requires, but it must do so sparingly.  *Nickum v. City of Bainbridge Island*, 153 Wash. App. 366, 379 (2009).  "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff."  *Milay v. Cam*, 135 Wn. 2d 196, 206 (1998).  "[E]quitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations."  *Douchette v. Bethel School Dist. No. 403*, 117 Wn. 2d 805, 812 (1991).

Plaintiff requests that the Court provide equitable relief by tolling the statute of limitations for his claims.  Plaintiff explains that he had no access to a law library or a computer and that the local library was open only four hours per week in Royal City, Washington, where he lived in 2005.  First Amended Complaint, ECF No. 8, at 37.  He also states that his lack of computer knowledge prevented him from accessing the legal information needed to file a claim, and that his 14-year-old granddaughter has assisted him in filing this matter.  *Id.* at 37.

The Court does not question that Plaintiff has exercised great effort in pursuing his claims.  However, "a showing of hardship or understandable delay is insufficient to support tolling of the statute of limitations."  *Petcu v. State*, 121 Wash. App. 36, 72 (Wash. Ct. App. 2004).  Plaintiff has not alleged bad faith, deception, or false

assurances by the Grant County Defendants that would justify tolling the statute of limitations for his claims against them.  Plaintiff has alleged that these Defendants failed to take certain actions, but not that they did so in bad faith, attempted to deceive him in any way, or made false assurances that prevented Plaintiff from bringing these claims sooner.  Because Plaintiff has alleged no basis for tolling the three-year statute of limitations and because the conduct he complains about occurred more than eight years before he filed his complaint, he failed to state claims upon which relief may be granted, and his claims must be dismissed. 28 U.S.C. § 1915(e)(2).

Additionally, for the reasons set forth above in Section II.C.1, Plaintiff's claims against Governor Jay Inslee must also be dismissed because the Governor has qualified immunity for his discretionary actions, such as enforcing the laws.  28 U.S.C. § 1915(e)(2).

    3.   <u>Section 1983 Claims Against Washington State Department of Labor and Industries Director Joel Sacks and Unnamed Department Employees</u>

Plaintiff alleges that the Department failed to properly train the employee that Plaintiff spoke to in March 2006 who incorrectly informed Plaintiff that the Department does not file complaints against government agencies and neglected to inform Plaintiff of his right to appeal.  First Amended Complaint, ECF No. 8, at 11. Plaintiff further alleges that the Department violated his due process and equal protection rights when it denied his first claim or attempted claim in 2006.  *Id.* at 11–12, 34. He brings these claims against Department

1  Director Joel Sacks and unnamed employees and supervisors of the
2  Department. *Id.* at 11–12, 20–21.
3   Plaintiff relies on *Department of Labor and Industries of State*
4  *of Washington v. Fields Corporation*, 112 Wash. App. 450 (Wash. Ct.
5  App. 2002). In that case, the court granted equitable relief from the
6  res judicata effect of an order adverse to Fields Corporation because
7  it was impossible for Fields to have known the facts giving rise to an
8  appeal during the appeal time period. *Id.* at 454-61. *Fields* is
9  distinguishable from the case at hand, however. In *Fields*, the
10 parties agreed that it was impossible for Fields to have known the
11 facts giving rise to its appeal before the time to appeal expired.
12 Here, Plaintiff does not allege that it was impossible for him to know
13 that the employee had been improperly trained or that his claim had
14 been improperly denied before the three-year statute of limitations
15 expired.
16      As discussed above in Section II.C.2, Plaintiff's claims are
17 subject to a three-year statute of limitations, which may only be
18 equitably tolled upon a showing of bad faith, deception, or false
19 assurances by the Defendants and the exercise of diligence by the
20 Plaintiff. Statutes of limitations "represent a pervasive legislative
21 judgment that it is unjust to fail to put the adversary on notice to
22 defend within a specified period of time and that the right to be free
23 of stale claims in time comes to prevail over the right to prosecute
24 them." *United States v. Kubrick*, 444, U.S. 111, 117 (1979) (internal
25 quotation marks omitted). A statute of limitations ensures fairness
26 and promotes justice by preventing the revival of claims for which

ORDER DISMISSING FIRST AMENDED COMPLAINT **-** 11

evidence has been lost, memories have faded, and witnesses have disappeared due to the passage of time. *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348-49 (1944).

Plaintiff's plead facts fail to outweigh these important policy considerations and therefore fail to show a basis for the Court to apply equitable tolling of the statute of limitations. He alleges that the Department failed to train its employee to provide Plaintiff with accurate information, however, he does not allege that the failure to train or the failure to provide him with accurate information was anything more than a mistake or a misunderstanding. He does not allege that the Department's actions were taken in bad faith or with the intent of deceiving or falsely assuring Plaintiff. Therefore, the Court does not find Plaintiff has pleaded facts that constitute an adequate basis for equitably tolling the statute of limitations on his claims against the Department and its employees.

### III. CONCLUSION

For the reasons set forth above and in the Court's previous order, ECF No. 7, all of Plaintiff's claims must be dismissed because they are barred by the statute of limitations and, in some cases, seek relief from individuals who are immune. Plaintiff was cautioned that if he chose to amend his complaint and the Court found the amended complaint failed to state facts plausibly giving rise to an exception to the three-year statute of limitations and therefore failed to state a claim, the amended complaint would be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

//

ORDER DISMISSING FIRST AMENDED COMPLAINT **-** 12

Accordingly, **IT IS HEREBY ORDERED:**

1. The First Amended Complaint, **ECF No. 8**, is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and because it seeks monetary relief from a defendant who is immune from such relief.

2. The Clerk's Office is directed to enter judgment against Plaintiff.

3. The file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter Judgment, and forward a copy to Plaintiff.

**DATED** this    18th    day of November 2014.

                    s/Edward F. Shea
                    EDWARD F. SHEA
            Senior United States District Judge